1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   UNITED STATES OF AMERICA,              CASE NO. 06CR2545WQH
                                            CASE NO. 07CV2008WQH
12                          Plaintiff,
        vs.                                 ORDER
13   JESUS ARMANDO LEYVA-LOPEZ,

14                          Defendant.

15

16   HAYES, Judge:

17       The matter comes before the court on the Motion under 28 U.S.C. § 2255 to vacate, set

18   aside, or correct sentence by a person in federal custody filed by Defendant.  Defendant moves

19   the court to modify his sentence on the grounds that he will not able to be housed in a

20   minimum security facility based upon his deportation status.  The Court finds that "the motion

21   and the files and records of this case conclusively show that the prisoner is entitled to no

22   relief."  28 U.S.C. § 2255.

23       Defendant moves the Court to grant him relief from the sentence imposed on the

24   grounds that he finds himself committed to harsher time due to his status as an alien.

25   Defendant contends that his right to due process and equal rights has been violated because he

26   is not entitled to be housed in a minimum security facility  or a community correction center

27   the same as a prisoner who is a United States citizen.

28

1

**RULING OF THE COURT**

2      This Court has no jurisdiction to correct or modify criminal judgment to grant a relief

3 from judgment at this stage in the proceedings.  *See,* Rule 35(a) of the Federal Rules of

4 Criminal Procedure.

5      28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act

6 of Congress claiming the right to be released upon the ground that the sentence was imposed

7 in violation of the Constitution or laws of the United States, or that the court was without

8 jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

9 authorized by law, or is otherwise subject to collateral attack, may move the court which

10 imposed the sentence to vacate, set aside or correct the sentence."  The Sentencing Reform Act

11 gives the Bureau of Prisons the responsibility to "designate the place of the prisoner's

12 imprisonment."  18 U.S.C. § 3621(b).  *See United States v. Cubillos*, 91 F.3d 1342, 1344-45

13 (9th Cir. 1996).  Defendant's motion does not state a challenge to the legality of his sentence

14 as required for relief under 28 U.S.C. § 2255.

15      IT IS HEREBY ORDERED that the Motion under 28 U.S.C. § 2255 to vacate, set

16 aside, or correct sentence by a person in federal custody filed by Defendant is denied.

17
DATED:  October 19, 2007

18

19                                 **WILLIAM Q. HAYES**
                                  United States District Judge

20

21

22

23

24

25

26

27

28

06cr 2545